```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

HERITAGE VILLAS,

              Plaintiff,

vs.                                   Case No.  2:05-cv-232-FtM-29SPC

WELLINGTON SPECIALTY INSURANCE COMPANY, f/k/a AXA Corporate Solutions Excess and Surplus Lines Insurance Company, a foreign corporation,

              Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on Defendant's Motion to Stay or Abate Count I, Motion to Compel Appraisal, and Unopposed Motion to Stay or Abate Count II and Incorporated Memorandum of Law (Doc. #16) filed on October 5, 2005.  Plaintiff Heritage Villas filed its Response on November 8, 2005.  (Doc. #26).  Also before the Court is defendant's Motion for Leave to File a Reply Memorandum filed on November 14, 2005.  (Doc. #27).  Finding that the parties fully briefed the issues and a reply is unnecessary, the Court will deny the Motion for Leave to File a Reply Memorandum.

**I.**

    Plaintiff Heritage Villas submitted a claim to defendant Wellington Specialty Insurance Company f/k/a AXA Corporate Solution

Excess and Surplus Lines Insurance Company under plaintiff's windstorm insurance policy. The claim asserted that Hurricane Charley "caused extensive structural damage to all of the commercial residential buildings comprising the Heritage Villas of Punta Gorda complex, and in fact, resulted in the constructive total loss of all of the buildings." Plaintiff claimed entitlement to the policy limit. (Doc. #5, p. 2). Defendant did not dispute that plaintiff sustained some covered hurricane damage to its eight buildings, and paid plaintiff approximately $1.87 million by the end of February, 2005. Defendant represents that this amount is the full amount of the undisputed loss less deductibles. Plaintiff initiated this action alleging (1) a breach of contract claim for failure to pay policy limits (Count I), and (2) violation of Florida's bad faith statute, FLA. STAT. § 624.155 (Count II).

Defendant now seeks an appraisal pursuant to the appraisal clause in the insurance policy, which states as follows:

> If You and We fail to agree as to the value of the property or amount of loss, damage or expense, each shall, on the written demand of either, select a competent and impartial appraiser, and the appraisal shall be made at a reasonable time and place. The appraisers shall first select a competent and impartial umpire, and failing for fifteen (15) days to agree upon such umpire, then, on the request of the Named Insured or the Company, such shall be selected by a judge of a court of record in the state in which such appraisal is pending. The appraisers shall then appraise the loss, stating separately the value at the time of the loss and the amount of loss, and failing to agree, shall submit their differences to the umpire. A decision agreed to by any two shall determine the amount of loss and shall be binding. You and We shall each pay our chosen appraiser and shall bear equally the other expenses of the

>   appraisal and umpire. We shall not be held to have waived any of Our rights by any act relating to appraisal.

(Doc. #16-2, p. 19, Article XXVI). While disputing the amount of loss under the policy coverages, defendant also reserved all rights under the policy to have the court resolve coverage issues that may exist. Defendant's motion seeks to compel an appraisal, stay Count I pending the outcome of the appraisal process, and stay Count II pending the outcome of Count I.

**II.**

It is clear that defendant is entitled to the appraisal. Florida courts have construed appraisal provisions in insurance policies and have treated these provisions as arbitration provisions. American Reliance Ins. Co. v. Vill. Homes at Country Walk, 632 So. 2d 106 (Fla. 3d DCA 1994), overruled on other grounds, State Farm Fire & Cas. Co. v. Licea, 685 So. 2d 1285, 1287-88 (Fla. 1996); Intracoastal Ventures Corp. v. Safeco Ins. Co. of Am., 540 So. 2d 162 (Fla. 4th DCA 1989); U.S. Fire Ins. Co. v. Franko, 443 So. 2d 170 (Fla. 1st DCA 1983); State Farm Fire & Cas. Co. v. Feminine Fashions, Inc., 509 So. 2d 376 (Fla. 3d DCA 1987). Like arbitration clauses, "appraisal provisions are deemed to be conditions precedent to recovery under the insurance policies." Preferred Mut. Ins. Co. v. Martinez, 643 So. 2d 1101, 1103 (Fla. 3d DCA 1994). "Motions to compel arbitration should be granted whenever the parties have agreed to arbitration and the court entertains no doubts that such an agreement was made."

Intracoastal Ventures Corp., 540 So.2d at 164. Similarly, when a party petitions for appraisal pursuant to a contractual provision, a court should compel the parties to participate in the appraisal process. Preferred Mut. Ins. Co., 643 so. 2d at 1103. The policy in this case contains an appraisal provision to which plaintiff agreed.

"[W]hen the insurer admits that there is a covered loss, but there is a disagreement on the amount of loss, it is for the appraisers to arrive at the amount to be paid." Gonzalez v. State Farm Fire & Cas., 805 So. 2d 814, 817 (Fla. 3d DCA 2000)(emphasis in original). The Florida Supreme Court interprets "the appraisal clause to require an assessment of the amount of a loss. This necessarily includes determinations as to the cost of repair or replacement and whether or not the requirement for a repair or replacement was caused by a covered peril or a cause not covered, such as normal wear and tear, dry rot, or various other designated, excluded causes." Licea, 685 So. 2d at 1288.

The Court finds that defendant is entitled to an appraisal under the policy because the parties clearly disagree as to the amount of loss. While plaintiff is correct that a challenge of coverage is exclusively a judicial question, an appraisal is necessary to determine the amount of loss relating to windstorm damage, while excluding payment for the repairs required by a failure to protect the property from further damage and the repairs

required for damages sustained by fire, if any, before the Court can reach the issue of coverage.

Plaintiff argues that defendant waived its right to demand appraisal when defendant selected Scott Chambers as its appraiser. The Court finds this argument to be without merit, and concludes that the record does not support plaintiff's assertion that defendant waived its contractual right to demand appraisal.

Having found that (1) defendant admits a covered loss exists; (2) the parties disagree on the amount of loss; (3) defendant invoked its right to appraisal; and (4) defendant did not waive its right to appraisal, the Court concludes that the Motion to Compel Appraisal is due to be granted. The Court also finds that the Motion to Stay or Abate Count I should be granted, and Count I will be stayed pending the appraisal process.

With respect to the Motion to Stay or Abate Count II, defendant represents that plaintiff does not oppose the motion. Plaintiff, however, asserts that now it does oppose a stay of Count II. The Court finds that the case should be stayed in its entirety pending the outcome of the appraisal in the interests of judicial economy. If either party desires a further stay of Count II after completion of the appraisal, an appropriate motion may be filed.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Stay or Abate Count I and Motion to Compel Appraisal (Doc. #16) are **GRANTED**. Plaintiff shall participate in the appraisal process as required by the Policy at issue in this case.

2. The Motion to Stay or Abate Count II (Doc. #16) is **GRANTED IN PART**, and Count II is stayed pending completion of the appraisal.

3. Defendant's Motion for Leave to File a Reply Memorandum (Doc. #27) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of February, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record